# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| MARC E. OLIVER, d/b/a GULF COAST ENVIRONMENTAL AND RECOVERY, And T.M. JEMISON CONSTRUCTION CO. INC. d/b/a JEMISON MARINE, INC., Plaintiffs, | : | CA 11-223-KD-C |
| MIDSOUTH BANK, N.A., Plaintiff/Counter-Defendant | : | IN ADMIRALTY *In Personam and In Rem* |
| v. | : | |
| M/V BARBARY COAST, her engines, tackle, furniture, and appurtenances, etc., *In Rem*, and RODD CAIRNS, an individual, and ATCHAFALYA MARINE, LLC, *In personam*, Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | : | |
| v. | : | |
| EAGLE RIVER TOWING, L.L.C., p/k/a/or a/k/a EAGLE INLAND TOWING, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LOUISIANA LIMESTONE & LOGISTICS, L.L.C., and CURTIS BUFORD, Third-Party Defendants. | : | |

## ORDER

On February 24, 2012, Atchafalaya Marine and Rodd Cairns filed a motion to enlarge the deadline to name experts (currently March 1, 2012 (*see* Doc. 123, ¶ 5) and amend the pleadings (currently March 15, 2012 (*id.*, ¶ 4)) in this matter. (Doc. 173.) For the reasons set forth below, the motion is **GRANTED IN PART**.

According to Atchafalaya and Cairns, agreements to settle certain claims have been reached, and that upon consummation of those agreements, "the remaining parties are hopeful that additional claims may be settled[.]"  (*Id.*, ¶¶ 2 & 4.)  There, however, does not appear to be a clear reason—or at least one set forth in the motion—why the designation of experts and the amendment of pleadings cannot be accomplished concurrently with the pursuit of settlements.  The parties' **sole** reason for the requested extensions is (as stated in the motion) their desire to "reduce costs during this time frame and facilitate any potential settlement[.]"  (*Id.*, ¶ 5.)

The broad discretion set forth in Rule 16—"which authorizes the court to enter pretrial scheduling orders[ that] set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters," *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003)—"is necessary to preserve the integrity and purpose of the pretrial scheduling order and to allow the trial judge qualitative and quantitative management over a judicial proceeding from an early stage in order to reduce costs and delays."  *Gavenda v. Orleans County*, No. 95-CV-0251E (SC), 1996 WL 377091, *1 (W.D.N.Y. June 19, 1996) (footnotes omitted); *see Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the

preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion.") (citation and internal quotation marks omitted).[1]

A party requesting modification to a Rule 16(b) Scheduling Order must first make a showing of good cause pursuant to Rule 16(b). *United States ex rel. Walker v. R & F Props. of Lake County, Inc.*, No. 5:02-CV-131-OC-10GRJ, 2008 WL 976786, at *2 (M.D. Fla. Apr. 9, 2008) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (the Rule 16(b) good cause standard "precludes modification unless the schedule cannot 'be met **despite the diligence** of the party seeking the extension.'") (quoting FED. R. CIV. P. 16, advisory committee's note) (emphasis added)). "If the court finds that the party lacked due diligence, then the inquiry into good cause is ended." *Id.* (citing *Pioneer Int'l (USA), Inc. v. Reid*, No. 2:07-cv-84-FtM-34DNF, 2007 WL 4365637, *2 (M.D. Fla. Dec. 12, 2007)).

---

[1] In turn, a Magistrate Judge's determination that a moving party fails to demonstrate due diligence in meeting deadlines, thus preventing a finding of good cause for an extension of the Rule 16(b) scheduling order, will generally be upheld if appealed to the District Judge. *See, e.g., Axis Surplus Ins. Co. v. Innisfree Hotels, Inc.*, Civil Action No. 05-0527-WS-C, 2006 WL 2882373, at *4 n.9 (S.D. Ala. Oct. 6, 2006) (Judge Steele affirming the undersigned's order denying a party's "formal request for a discovery extension [because of] an insufficient showing of due diligence and extraordinary circumstances"); *Claytor v. Computer Assocs. Int'l, Inc.*, 211 F.R.D. 665, 666, 668 (D. Kan. 2003) (District Judge denying plaintiff's motion to review Magistrate Judge's "one-page order" denying his motion for extension, in which the Magistrate Judge held "that he could not find good cause to extend the discovery deadline because plaintiff had failed to explain why, in exercising due diligence, the proposed discovery could not have been completed by the deadline set forth in the August 14, 2002 Scheduling Order") (internal quotation marks omitted); *Anderson v. Village of Obetz*, No. 2:05-CV-701, 2007 WL 777978, at *3 (S.D. Ohio Mar. 12, 2007) (District Judge overruling objections to Magistrate Judge's order denying an extension of the discovery deadline because the Magistrate Judge "concluded that because Plaintiffs had failed to demonstrate the exercise of due diligence, no good cause existed to extend the discovery deadlines").

While the Court is not unmindful of the parties' decision to pursue settlements that, if successful, will obviate the need to designate experts or amend pleadings, the pursuit of settlement—alone—is generally not good cause to justify the extension of deadlines in a Rule 16(b) scheduling order because it does not show that such deadlines "cannot be met despite the diligence of the part[ies]." FED. R. CIV. P. 16, advisory committee's note; *cf. Walker*, 2008 WL 976786, at *2 (a finding of lack of due diligence ends the good cause inquiry).[2] Because, however, the undersigned is familiar with the

---

[2] Such a conclusion—that engagement in, even serious, settlement negotiations does not establish good cause to extend deadlines **absent a showing of due diligence**—is well-supported. *See, e.g., Rivera v. County of Willacy*, Civil Action No. B-06-189, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007) ("[A]lthough the Court finds the parties' settlement efforts commendable and encourages the continuation of their negotiations, the mere possibility of settlement does not meet the standard of good cause for amending the Court's scheduling order. Furthermore, the parties provide no explanation as to why their settlement discussions will prevent them from meeting the deadlines established in the scheduling order. Thus, the parties have not shown that, despite their diligence, they will still be unable to meet the Court's deadlines.") (citation omitted); *Moreno v. Poverty Point Produce, Inc.*, 243 F.R.D. 275, 275-76 (S.D. Tex. 2007) ("The parties[—whose "sole basis" for requesting an extension was that they were "engaged in serious settlement negotiations"—]have provided no reason for why their settlement negotiations have prevented, or will prevent, the Defendants from responding to Plaintiffs' motions.") (citing cases); *Home Design Servs., Inc. v. Trumble*, Civil Action No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, at *10 (D. Colo. Apr. 9, 2010) ("Plaintiff may argue that depositions costs were deferred in anticipation of a productive settlement conference on December 18, 2009 and in light of Home Design's success in settling similar claims in other cases. While I can appreciate the pragmatism underlying such a strategy, counsel's misplaced optimism does not equate to good cause under Rule 16(b)."); *Arnold v. Krause*, 232 F.R.D. 58, 65-66 (W.D.N.Y. 2004) (An "unfounded belief that settlement was likely affords no basis for a finding of good cause. The possibility of settlement is ever present in virtually all civil cases. Only in the rarest of cases will such a possibility suffice to demonstrate good cause, particularly where, as here, the deadlines [sough to be extended] were established after consultation with the parties.") (quoting *Lory v. General Electric Co.*, 179 F.R.D. 86, 88 (N.D.N.Y. 1998)); *see also American Nat. Prop. & Cas. Co. v. Uscier*, Civil Action No. 09-cv-02053-CMA-MJW, 2010 WL 2802653, at *2 (D. Colo. July 14, 2010) (denying motion to designate expert witness out-of-time because, in part, "the Plaintiff's argument that it was entertaining settlement discussions with Defendants' counsel and in the belief settlement could be reached, **and to avoid incurring**

complex nature of this matter and welcomes the parties' attempts at complete settlement, and because the motion provides that five specific parties "have reached an agreement to settle a number of claims" (Doc. 173 at ¶ 4), thereby making—at least partial—settlement—more than merely speculative, the motion is **GRANTED IN PART**.  The parties, accordingly, shall have until **March 15, 2012** to name experts and until **March 29, 2012** to amend the pleadings.

    **DONE and ORDERED** this the 28th day of February, 2012.

                                          s/WILLIAM E. CASSADY
                                          **UNITED STATES MAGISTRATE JUDGE**

---

**additional litigation expenses**, did not engage the services of an expert for this case does not equate to 'good cause' under Fed. R. Civ. P. 16(b)[]") (citing *Trumble*, 2010 WL 1435382, *10; *Arnold*, 232 F.R.D. at 65-66) (emphasis added); *cf. Brooks v. Eclipse Recreational Vehicles, Inc.*, No. CV-08-1731-PHX-LOA, 2009 WL 1616017, at *2 (D. Ariz. June 9, 2009) ("Continuances of [ ] deadlines [set pursuant to Rule 16] may be granted only upon a showing of good cause and by leave of the assigned trial judge.  **Settlement negotiations, however, do not constitute good cause.**") (emphasis in original; citations omitted).